In re: Darrell A. SIGGERS, Movant.

No. 96–8027.

United States Court of Appeals,
Sixth Circuit.

Argued July 28, 1997.

Decided Dec. 22, 1997.

Lawrence J. Phelan (argued and briefed), Haghnel, Phelan & Liquigli, Grand Rapids, MI, for Petitioner.

Kathleen Davison Hunter, Asst. Attorney Gen. (argued and briefed), Office of the Attorney General, Habeas Division, Lansing, MI, for Respondent.

Before: MERRITT, BOGGS, and DAUGHTREY, Circuit Judges.

MERRITT, Circuit Judge.

Petitioner Darrell Siggers asks this Court under 28 U.S.C. § 2244(b), as amended by § 106(b) of the Antiterrorism and Effective Death Penalty Act of 1996,[1] Pub.L. No. 104–132, 110 Stat. 1214, for an order authorizing the District Court to consider his second application for a writ of habeas corpus. In addition to the question of whether Siggers has satisfied the requirements for pursuing a

---

1. Section 106(b) of the Act amends 28 U.S.C. § 2244(b) to read as follows:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A)Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

second or successive petition, a previous panel of this Court directed the parties to brief the question of whether Congress may compel a federal court of appeals to decide if these requirements have been met "not later than 30 days after the filing of the motion," as provided in the new § 2244(b)(3)(D). Because we find that § 2244(b)(3)(D)'s thirty-day restriction is advisory or hortatory rather than mandatory, we hold that it is not invalid as an invasion of the judiciary's autonomy and that it does not violate due process. We also hold that Siggers has failed to satisfy the statutory requirements for filing a second or successive habeas petition. His motion for an order authorizing the District Court to consider his second petition for habeas relief is therefore denied.

Siggers was convicted in the Detroit Recorder's Court of first degree murder with a firearm in 1984. He was sentenced to life imprisonment for murder and received a consecutive term of two years for use of the firearm. He exhausted his state court appeals and filed his first petition for federal habeas corpus relief on April 18, 1989, arguing (1) that the prosecuting attorney knowingly used the false testimony of police officers to convict him, and (2) that his lawyer rendered ineffective assistance by failing to impeach the false testimony and by neglecting to object to the prosecutor's use of the testimony in his closing argument. District Judge Bernard A. Friedman denied the petition on the merits, and this Court affirmed. *Siggers v. Withrow,* 919 F.2d 141 (table), No. 90–1231 (6th Cir. Nov. 26, 1990), 1990 WL 183928. The Supreme Court denied Siggers's petition for a writ of certiorari.

Nearly six years later, in 1996, Siggers filed his second habeas petition in the District Court, raising eight grounds for relief. Warden Jimmy Stegall defended on the ground that Siggers had failed to meet the requirements of § 106(b)(1) & (2) of the Antiterrorism and Effective Death Penalty Act of 1996 and thus was not entitled to file a second habeas petition in the District Court. Thereafter, Siggers moved this Court for an order authorizing the District Court to consider the claims raised in his second petition, pursuant to § 106(b)(3)(A) of the Act.

As amended by § 106(b) of the Act, 28 U.S.C. § 2244(b) places a number of restrictions on second or successive habeas corpus petitions. It requires state prisoners who have already unsuccessfully petitioned the federal courts for habeas relief to move the appropriate court of appeals for an order authorizing the district court to consider subsequent habeas petitions. 28 U.S.C. § 2244(b)(3)(A). It allows the court of appeals to grant such an order of authority only after a three-judge panel determines that the application meets the requirements of § 2244(b)(1) & (2). *Id.* § 2244(b)(3)(B) & (C). The provision at issue here, § 2244(b)(3)(D), tells the court of appeals to make such determinations quickly: "The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion."

Siggers contends that because this thirty-day provision uses the word "shall," failure to rule on a motion for permission to pursue a second or successive petition within the specified time deprives the court of appeals of the power to do so. Quoting from *Landis v. North American Co.,* 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936), he contends that the provision impermissibly interferes with the inherent power of the court of appeals "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 254, 57 S.Ct. at 166. Siggers also argues that the thirty-day limit violates due process by preventing the court of appeals from carefully considering each motion for permission to file a second or successive petition.

In response, Warden Stegall maintains that since § 2244(b)(3)(D) does not specify a consequence for noncompliance with the thirty-day requirement, this Court retains the discretion to grant or deny orders of authority after the thirty-day period expires. Relying on *Nixon v. Administrator of General Services,* 433 U.S. 425, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977), Stegall contends that because the thirty-day provision is not jurisdictional, it does not have the "potential for disruption" and does not present a separation of powers problem. *Id.* at 443, 97 S.Ct. at

2790. For the same reason, he urges that § 2244(b)(3)(D) does not violate Siggers's right to due process of law.

■ The law is well established in this and other jurisdictions "that '[a] statutory time period is not mandatory unless it *both* expressly requires an agency or public official to act within a particular time period *and* specifies a consequence for failure to comply with the provision.'" *McCarthney v. Busey*, 954 F.2d 1147, 1152 (6th Cir.1992) (quoting *St. Regis Mohawk Tribe v. Brock*, 769 F.2d 37, 41 (2d Cir.1985)). *Accord Fort Worth Nat'l Corp. v. FSLIC*, 469 F.2d 47, 58 (5th Cir.1972) (collecting cases). *See also* 3 Norman J. Singer, *Sutherland on Statutes and Statutory Construction* § 57.19 & n.6 (5th ed.1992 rev. & Supp.1997) (collecting cases holding provisions that require decisions by courts, referees, and administrative agencies within specific time frames to be "directory" rather than mandatory). The Supreme Court has recognized this rule without expressly adopting it. *See Brock v. Pierce County*, 476 U.S. 253, 259–62, 106 S.Ct. 1834, 1838–40, 90 L.Ed.2d 248 (1986) (concluding based on related principles that the failure of the Secretary of Labor to comply with a statutory time limit on agency action did not strip the agency of the power to act); *see also French v. Edwards*, 80 U.S. (13 Wall.) 506, 511, 20 L.Ed. 702 (1871) ("Provisions of this character are not usually regarded as mandatory unless accompanied by negative words importing that the acts required shall not be done in any other manner or time than that designated.").

It is also well recognized that "Congress sometimes legislates by innuendo, making declarations of policy and indicating a preference while requiring measures that, though falling short of legislating its goals, serve as a nudge in the preferred directions." *Pennhurst State School and Hosp. v. Halderman*, 451 U.S. 1, 19, 101 S.Ct. 1531, 1541, 67 L.Ed.2d 694 (1981) (quoting *Rosado v. Wyman*, 397 U.S. 397, 413, 90 S.Ct. 1207, 1218, 25 L.Ed.2d 442 (1970)). Congress knows the difference between encouraging and mandating specific conduct, and knows how to impose binding obligations on courts when it wishes to do so. *See Cabinet for Human Resources v. Northern Kentucky Welfare Rights Ass'n*, 954 F.2d 1179, 1184 (6th Cir. 1992) (citing *Pennhurst*, 451 U.S. at 27, 101 S.Ct. at 1544–45).

In the present case, Congress has failed to specify a consequence for noncompliance with the thirty-day time limit imposed by 28 U.S.C. § 2244(b)(3)(D). Due to the press of other judicial work, it will not always be possible to rule within thirty days. Just as Congress, its committees, and its members must have sufficient time to consider legislative business, so also must the courts with respect to judicial business. In light of the absence of any enforcement provision, we hold that failure to comply with the thirty-day provision does not deprive this Court of the power to grant or deny a motion under § 2244(b)(3)(A). Because the provision is hortatory or advisory rather than mandatory, it does not present the constitutional difficulties raised by Siggers.

■ Siggers next argues that he is entitled to file his second habeas petition in the District Court because he has satisfied the requirements of 28 U.S.C. § 2244(b)(1) & (2), as amended by the Antiterrorism and Effective Death Penalty Act. These provisions bar a petitioner from bringing in a second or successive petition any claim that was presented in a prior application for a writ of habeas corpus, *id.* § 2244(b)(1), and require the dismissal of claims that were left out of a prior petition unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.* § 2244(b)(2).

Siggers's motion discusses three of the claims he wishes to pursue in a second appli-

cation for habeas corpus relief. First, he reiterates the argument, raised in his first petition, that his trial lawyer rendered ineffective assistance by failing to object to false testimony. Second, he contends that his lawyer rendered ineffective assistance by giving him erroneous advice that led him to reject a plea offer made by the government. Finally, he maintains that the government violated the Fourth Amendment by failing to provide a probable cause hearing within forty-eight hours after his arrest.

Siggers's first ineffective assistance argument—based on his lawyer's failure to object to allegedly false testimony—was presented in his first petition. It is therefore barred by § 2244(b)(1).

■ Siggers suggests that his second ineffective assistance argument is based on distinct facts and thus constitutes a new "claim" for purposes of § 2244(b)(1). In response, Warden Stegall maintains that the term "claim" should be interpreted to mean any sufficient legal basis for granting the relief sought. He argues that both arguments regarding the effectiveness of Siggers's trial lawyer should be treated as the same claim and dismissed under § 2244(b)(1). Stegall bases this argument on *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), in which the Supreme Court held that the denial of a prior habeas petition or motion under 28 U.S.C. § 2255 would bar a successive petition if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior petition, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application. 373 U.S. at 15, 83 S.Ct. at 1077. The *Sanders* Court defined "ground" as "a sufficient legal basis for granting the relief sought by the applicant." *Id.* at 16, 83 S.Ct. at 1077. By way of illustration, the Court explained that a claim of involuntary confession predicated on alleged psychological coercion does not raise a different "ground" than one based on alleged physical coercion. *Id.*

If we were to construe the term "claim" as the *Sanders* Court defined "ground," § 2244(b)(1) would bar Siggers's second inef-

fective assistance argument. We need not determine the precise meaning of the term "claim," however, because Siggers's "new" ineffective assistance argument is barred by § 2244(b) even if it constitutes a claim not raised in his first petition. He has failed to identify a rule of constitutional law, made retroactive to cases on collateral review, relevant to the claim. 28 U.S.C. § 2244(b)(2)(A). Thus, it must be dismissed unless he shows that its factual predicate could not have been discovered previously and that the claim, if proven, would be sufficient to convince a reasonable factfinder that he is not guilty of the offenses for which he was convicted. *Id.* § 2244(b)(2)(B).

Siggers contends that he could not have raised the new ineffective assistance argument in his first habeas petition because his first four requests for transcripts of the state court proceedings were ignored. Even if this contention excuses his failure to discover the factual basis for the claim, he has failed to satisfy the requirements of § 2244(b)(2)(B). At trial, two witnesses identified Siggers as the person who shot the victim. Moreover, police officers testified that they found spent shell casings at the crime scene that matched shell casings discovered near Siggers's apartment. Viewed in light of this and other evidence presented as Siggers's trial, his claim that his lawyer gave him erroneous advice regarding the government's plea offer fails to cast significant doubt on his guilt. Hence, this claim must be dismissed. *Id.* § 2244(b)(2)(B)(ii).

■ Siggers's claim with respect to the timing of his arraignment must also be dismissed. He contends that the state failed to make a probable cause determination until more than forty-eight hours after his arrest, in violation of the Fourth Amendment. *See County of Riverside v. McLaughlin,* 500 U.S. 44, 57, 111 S.Ct. 1661, 1670, 114 L.Ed.2d 49 (1991) (holding that absent extraordinary circumstances, the lapse of more than forty-eight hours between warrantless arrest and probable cause determination violates the Fourth Amendment's prohibition on unreasonable searches and seizures). Siggers maintains that in *Powell v. Nevada,* 511 U.S. 79, 114 S.Ct. 1280, 128 L.Ed.2d 1 (1994), the

Supreme Court made the *McLaughlin* forty-eight-hour rule retroactive to cases on collateral review. *Powell* held, however, that *McLaughlin* had to be applied retroactively to cases on direct review; it did not address the effect of *McLaughlin* on collateral review cases. *Id.* at 84, 114 S.Ct. at 1283–84. Moreover, Siggers does not, and cannot, contend that he was unable to discover the factual predicate underlying this claim at the time of his first habeas petition. His arraignment was delayed only because he was hospitalized with a broken leg after jumping from the fifth floor window of a police interrogation room in an attempt to escape. Finally, Siggers has failed to demonstrate that the timing of his arraignment has any bearing on the question of his guilt or innocence. In sum, Siggers has failed to make the showing required by § 2244(b), and his *McLaughlin* claim must also be dismissed.

Siggers apparently also wishes to pursue the other five arguments raised in his second habeas petition. He offers no argument or evidence, however, to show that he has satisfied the requirements of § 2244(b)(1) & (2) with respect to these issues. Because he has not satisfied the burden imposed on him by the statute, he may not pursue these arguments in a second habeas corpus petition.

█ Siggers's final argument is that the "ends of justice" standard articulated by the Supreme Court in *Sanders, see* 373 U.S. at 15–17, 83 S.Ct. at 1077–78, survives after enactment of the Antiterrorism and Effective Death Penalty Act of 1996. He urges that even if his ineffective assistance arguments are deemed to be barred by § 2244(b)(1), the "ends of justice" require the redetermination of this issue on the merits.

In *Sanders,* the Supreme Court held that a habeas court must adjudicate even a successive habeas claim when required to do so by the "ends of justice." 373 U.S. at 15–17, 83 S.Ct. at 1077–78, *cited in Schlup v. Delo,* 513 U.S. 298, 319, 115 S.Ct. 851, 863, 130 L.Ed.2d 808 (1995). The *Sanders* Court applied this equitable exception even though the controlling statute, 28 U.S.C. § 2255, contained no reference to an "ends of justice" inquiry. 373 U.S. at 12–15, 83 S.Ct. at 1075–77, *cited in Schlup,* 513 U.S. at 319–20, 115 S.Ct. at 863–64. In later cases, the Court confirmed that the "ends of justice" inquiry also applied in § 2254 cases, despite Congress's removal of the reference to the "ends of justice" from the statute in 1966. *See Kuhlmann v. Wilson,* 477 U.S. 436, 451, 106 S.Ct. 2616, 2625–26, 91 L.Ed.2d 364 (1986) (plurality opinion) (rejecting the argument that in light of the 1966 amendments to the habeas statute, "federal courts no longer must consider the 'ends of justice' before dismissing a successive petition"); *Sawyer v. Whitley,* 505 U.S. 333, 339, 112 S.Ct. 2514, 2518–19, 120 L.Ed.2d 269 (1992) (citing *Kuhlmann* for the proposition that even though a habeas petitioner must ordinarily show cause and prejudice before a court will reach the merits of a successive, abusive, or defaulted claim, a court may also reach the merits of such a claim where failure to hear them would result in a "miscarriage of justice"). *See also Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 2649–50 (1986); *Smith v. Murray,* 477 U.S. 527, 537, 106 S.Ct. 2661, 2667–68, 91 L.Ed.2d 434 (1986). In these cases—decided before the passage of the Antiterrorism and Effective Death Penalty Act—the Court made it clear that the "ends of justice," or "miscarriage of justice," exception applied where a petitioner who was unable to establish cause and prejudice for bringing successive claims nonetheless showed by clear and convincing evidence that some constitutional error probably resulted in the conviction of one who was actually innocent. *See Schlup,* 513 U.S. at 320–23, 115 S.Ct. at 863–65 (discussing this authority).

We need not decide whether the "ends of justice" standard survives, for we find no basis for concluding that the "ends of justice" would require us to decide Siggers's ineffective assistance arguments on the merits. He has failed to demonstrate by clear and convincing evidence that the constitutional errors he alleges probably resulted in the conviction of an innocent person.

Accordingly, Siggers's motion for an order authorizing the District Court to consider his second application for a writ of habeas corpus is denied, and his claims are dismissed.