UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose REYES, Defendant–Appellant.

No. 01–35757.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2003.

Filed Jan. 23, 2004.

Greg S. Silvey, Boise, ID, for the defendant-appellant.

Lynne W. Lamprecht, U.S. Attorney's Office, Boise, ID, for the plaintiff-appellee.

Before B. FLETCHER, BRUNETTI, and McKEOWN, Circuit Judges.

## ORDER

PER CURIAM.

Petitioner Jose Reyes filed a second habeas petition in federal district court alleging that the district court in which he was tried erred in failing to instruct the jury that it must reach a unanimous and separate agreement as to three drug violations constituting a "continuing series" of violations in order to convict him of engaging in a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848. *See Richardson v. United States,* 526 U.S. 813, 824, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999). The district court denied and dismissed Reyes's habeas petition. Because we conclude that the district court did not have jurisdiction to consider Reyes's petition, we dismiss the appeal and remand to the district court with instructions to vacate its opinion and dismiss the petition for lack of jurisdiction.

## BACKGROUND

Reyes was convicted of engaging in a CCE in violation of 21 U.S.C. § 848, as well as nine other related counts. The district court judge did not instruct the jury that it must reach a unanimous and separate agreement as to each violation that makes up the "continuing series of violations" of the CCE offense.

Pursuant to 28 U.S.C. § 2255, Reyes filed a *pro se* habeas petition in federal district court alleging due process and double jeopardy violations, sentencing errors, and ineffective assistance of counsel. The district court denied and dismissed Reyes's claims for relief, and we affirmed. Six days after our decision was filed, the Supreme Court decided *Richardson,* holding that the jury must reach a unanimous and separate agreement as to each violation that makes up the "continuing series of violations" in the CCE. 526 U.S. at 817–18, 824, 119 S.Ct. 1707. Since the mandate had not yet issued in his case, Reyes could have filed a petition for rehearing or a petition for rehearing en banc to address *Richardson,* but he failed to do so.

On August 28, 2000, Reyes filed a second motion under 28 U.S.C. § 2255, which the district court denied and dismissed. Reyes filed a timely notice of appeal and a motion for a certificate of appealability. The district court denied the motion, but we granted Reyes a certificate of appealability.

## DISCUSSION

Although *Richardson* is applied retroactively to initial habeas petitions as a new substantive rule of criminal law, *United States v. Montalvo*, 331 F.3d 1052, 1055(9th Cir.2003), it cannot form the basis of a second or successive habeas petition. A second or successive motion is allowed under 28 U.S.C. 2255, subject to certification pursuant to 28 U.S.C. § 2244, only if it contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or on other grounds not applicable here. 28 U.S.C. § 2255; *Tyler v. Cain*, 533 U.S. 656, 660–61, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001).

*Richardson* held, as a matter of statutory interpretation, that the jury in a CCE case must unanimously agree not only that defendant committed a "continuing series of violations," but must also reach unanimous agreement as to the specific violations that make up the continuing series. 526 U.S. at 817–24, 119 S.Ct. 1707. The *Richardson* Court specifically avoided reaching any constitutional questions. *See* 526 U.S. at 820, 119 S.Ct. 1707("We have no reason to believe that Congress intended to come close to, or to test, those constitutional limits when it wrote this statute.") Thus, *Richardson* did not decide a "new rule of constitutional law" as required as a prerequisite to a second habeas petition, and the district court was required to dismiss the petition under 28 U.S.C. § 2255.

**DISMISSED AND REMANDED WITH INSTRUCTIONS.**