Harold Jerry **GARMANY,**
Plaintiff—Appellant,

v.

**UNITED STATES of America,**
Defendant—Appellee.

No. 03–15298.

United States Court of Appeals,
Ninth Circuit.

Submitted June 15, 2004.*

Decided June 24, 2004.

Harold Jerry Garmany, Chillcothe, OH, pro se.

Linda C. Boone, Esq., USPX—Office of the U.S. Attorney, Phoenix, AZ, for Defendant–Appellee.

Before: LEAVY, THOMAS and FISHER, Circuit Judges.

MEMORANDUM **

Harold Jerry Garmany appeals the district court's order dismissing his second motion brought pursuant to 28 U.S.C. § 2255. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Garmany contends that the Supreme Court established a new rule of constitutional law applying retroactively to cases

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the

on collateral review in *Richardson v. United States,* 526 U.S. 813, 815, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999) (holding that to convict a defendant under the 'continuing criminal enterprise' statute, 21 U.S.C. § 848(a), "a jury has to agree unanimously about which specific violations make up the 'continuing series of violations' "). Garmany's contention is squarely foreclosed by our decision in *United States v. Reyes,* 358 F.3d 1095, 1096 (9th Cir.2004) (per curiam) (concluding that *"Richardson* did not decide a 'new rule of constitutional law' as required "as a prerequisite to a second habeas petition"). Thus, the district court was required to dismiss the petition under 28 U.S.C. § 2255. *See id.*

AFFIRMED.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

