MEMORANDUM *
Terry Lamell Ezell (“Ezell”) appeals the district court’s denial of his motion to exclude evidence, and challenges the district court’s imposition of a 262-month sentence pursuant the Armed Career Criminal Act (“ACCA”), 18 U.S.C. § 924(e).[1]
The district court did not abuse its discretion in denying Ezell’s motion to exclude evidence found on his person and in his truck on the night of the arrest. See United States v. McFall, 558 F.3d 951, 960 (9th Cir.2009). The disputed evidence was relevant to Ezell’s credibility and state of mind, and tended to undermine his assertion that he was in a “sleep state” prior to his arrest.
Neither did the district court err in imposing a 262-month sentence under the ACCA. A defendant with three prior violent felony convictions who is convicted under 18 U.S.C. § 922(g)(1) qualifies as an armed career criminal under the ACCA. See United States v. Kilgore, 7 F.3d 854, 855 (9th Cir.1993). Ezell was convicted of violating 18 U.S.C. § 922(g)(1) and has the requisite three prior violent felony convictions. Two of those convictions are undisputed. Accordingly, either of his 1987 convictions under Washington’s second degree burglary statute will qualify as the necessary third conviction.
The ACCA defines “violent felony” to include burglary, see 18 U.S.C. § 924(e)(2)(B)(ii), and both of Ezell’s convictions qualify as “burglaries” under the modified categorical approach. Although the Washington statute’s definition of “building” makes it broader than the generic definition of burglary, the records of conviction show that Ezell pled guilty to second degree burglary “as charged in the information.” See United States v. Wenner, 351 F.3d 969, 972-73 (9th Cir.2003) The presence of a street address in each information is sufficient to show that Ezell’s convictions were generic burglaries of “buildings” under the ACCA. Kilgore, 7 F.3d at 855-56.[2] Because Ezell’s has at least three qualifying prior violent felony convictions, we conclude that he is an armed career offender under the ACCA.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the facts of this case, we repeat them here only as necessary to the disposition of this case.

. At oral argument, Ezell withdrew his contention that under Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), neither 1987 conviction qualified as “violent felony convictions” under the ACCA. Therefore, we do not address that argument here.