**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TERRY LAMELL EZELL,
                    *Petitioner*,

v.

UNITED STATES OF AMERICA,
                    *Respondent*.

No. 14-71696

OPINION

Application to File Second or Successive
Petition Under 28 U.S.C. § 2255

Submitted December 11, 2014[*]
Seattle, Washington

Filed January 23, 2015

Before: M. Margaret Mckeown, Richard C. Tallman, and
John B. Owens, Circuit Judges.

Opinion by Judge Tallman

---

    [*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Habeas Corpus

The panel denied a motion for certification to file a second or successive 28 U.S.C. § 2255 motion to set aside a sentence imposed under the Armed Career Criminal Act.

The panel held that when a motion pursuant to 28 U.S.C. § 2255(h) to file a second or successive petition presents a complex issue, this court may exceed the thirty-day time limit set forth in 28 U.S.C. § 2244(b)(3)(D) for granting or denying the authorization.

The panel held that the Supreme Court did not announce a new rule of constitutional law in *Descamps v. United States*, 133 S. Ct. 2276 (2013), but rather clarified – as a matter of statutory interpretation – application of the ACCA in light of existing precedent.

### COUNSEL

Howard Lee Phillips, Esq., Phillips Law LLC, Seattle, Washington; Jonathan D. Libby, Esq., Deputy Federal Public Defender, Los Angeles, California, for Petitioner.

Carl Andrew Colasurdo, Assistant United States Attorney, Seattle, Washington; Michael Symington Morgan, Assistant United States Attorney, Seattle, Washington, for Respondent.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

TALLMAN, Circuit Judge:

Terry L. Ezell asks us to certify his filing of a second or successive 28 U.S.C. § 2255 petition in the Western District of Washington, where he was convicted in 2008 of being a felon in possession of a firearm. The district court sentenced Ezell under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Ezell argues that his second or successive petition is warranted because in *Descamps v. United States*, 133 S. Ct. 2276 (2013), the Supreme Court announced a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2255(h)(2), and under which the district court could abrogate his ACCA sentence. We disagree. We hold that the Supreme Court did not announce a new rule of constitutional law in *Descamps*. Rather, it clarified—as a matter of statutory interpretation— application of the ACCA in light of existing precedent. For that reason, we deny Ezell's motion for certification to file another habeas corpus petition.

**I**

Terry Ezell was convicted in 2008 of being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1), and for possession with intent to distribute cocaine, *see* 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). Am. Mem. & Decision 11–12, Case No. CR05-273RSM, ECF No. 113 (W.D. Wash. Mar. 26, 2008). For the felon in possession charge, the district court sentenced Ezell to 262 months' imprisonment under the

ACCA.[1]  *See* 18 U.S.C. § 924(e)(1) ("In the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony . . . , such person shall be fined under this title and imprisoned not less than fifteen years . . . .").  It based this enhancement, in part, on Ezell's two prior Washington state burglary convictions.  Because Washington's burglary statute is broader than the generic federal definition, the district court—in keeping with then-Ninth Circuit precedent—applied the modified categorical approach.  After considering underlying charging documents, the district court determined that both burglaries qualified as violent felonies and could therefore serve as predicates to impose § 924(e)'s mandatory minimum.

Ezell exhausted his direct appeal in 2010.  *See United States v. Ezell*, 337 F. App'x 623, 624 (9th Cir. 2009) (affirming district court).  He filed an unsuccessful § 2255 petition later that year.  *See Ezell v. United States*, Nos. C10-467RSM, CR05-273RSM, 2011 WL 1900155 (W.D. Wash. May 18, 2011).  Two years later, he asked us for authorization to file a second or successive § 2255 petition.  Finding that Ezell's motion did not satisfy § 2255(h), we summarily denied it.  *Ezell v. United States*, No. 12-73464 (9th Cir. Jan. 25, 2013) (order denying motion).

The Supreme Court decided *Descamps* on June 20, 2013.  The Court held that the modified categorical approach applies only to statutes that are divisible.  *Descamps*, 133 S. Ct. at 2282–83 (abrogating *United States v. Aguila-Montes de Oca*, 655 F.3d 915 (9th Cir. 2011) (en banc) (per curiam)).  Ezell

---

[1]  The district court also sentenced Ezell to a concurrent 262-month sentence for the drug possession charge under the career offender guideline, U.S.S.G. § 4B1.1.

filed the § 2255(h)(2) motion currently before us less than one year later. He argues that we should permit him to file a second or successive § 2255 petition in the district court because *Descamps* is a "new rule of constitutional law" under which the court could abrogate his 262-month sentence. Section 2255(h) gives us original jurisdiction over the motion.

## II

Before considering whether Ezell's petition presents "a new rule of constitutional law," we address whether a statutory time bar prevents us from ruling on Ezell's motion. Second or successive § 2255 motions are subject to the gatekeeping procedures "provided in section 2244." 28 U.S.C. § 2255(h). Section 2244 states that "[t]he court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion." 28 U.S.C. § 2244(b)(3)(D). More than thirty days have passed since Ezell filed his motion, so whether § 2244(b)(3)(D) is mandatory or hortatory is a key threshold issue. It is also an issue of first impression in the Ninth Circuit.[2]

The majority of our sister circuits to have considered § 2244(b)(3)(D)'s time limit have held that it is hortatory, not

---

[2] We have cited § 2244(b)(3)(D) only once, and in our discussion we did not explicitly consider whether the thirty-day time frame is mandatory. *See Nevius v. McDaniel*, 104 F.3d 1120, 1121–22 (9th Cir. 1996). And although we have not given the issue express consideration, we have repeatedly ruled on § 2244(b)(3) motions well after the expiration of the thirty-day period. *See, e.g.*, *Gulbrandson v. Ryan*, 738 F.3d 976, 996 (9th Cir. 2013) (ruling on the § 2244(b)(3) motion more than three years after it was filed).

mandatory.  *See Word v. Lord*, 648 F.3d 129, 129 n.1 (2d Cir. 2011) (per curiam); *Ochoa v. Sirmons*, 485 F.3d 538, 539 n.1 (10th Cir. 2007) (per curiam); *Gray-Bey v. United States*, 201 F.3d 866, 867–70 (7th Cir. 2000); *Rodriguez v. Superintendent, Bay State Corr. Ctr.*, 139 F.3d 270, 272–73 (1st Cir. 1998), *abrogated on other grounds as recognized in Simpson v. Matesanz*, 175 F.3d 200 (1st Cir. 1999); *In re Siggers*, 132 F.3d 333, 336 (6th Cir. 1997); *In re Vial*, 115 F.3d 1192, 1194 n.3 (4th Cir. 1997) (en banc); *cf. Gray-Bey*, 201 F.3d at 871 (Easterbrook, J., dissenting) (arguing that the thirty-day limit is mandatory and faulting the majority for ignoring the limit).

But some of our sister circuits have cited this provision as mandatory.  *See, e.g.*, *In re Henry*, 757 F.3d 1151, 1157 n.9 (11th Cir. 2014) ("[T]his Court necessarily must apply § 2244(b)(2) under a tight time limit in all cases, since the statute expressly requires us to resolve this application within 30 days, no matter the case.").

We agree with the majority of our sister circuits and hold that when a § 2255(h) motion presents a complex issue, we may exceed § 2244(b)(3)(D)'s thirty-day time limit.  As the Sixth Circuit noted in *In re Siggers*, a statutory time period providing a directive to an agency or public official is not ordinarily mandatory "unless it *both* expressly requires [the] agency or public official to act within a particular time period *and* specifies a consequence for failure to comply with the provision."  132 F.3d at 336 (internal quotation marks omitted); *accord* 3 *Sutherland Statutory Construction* § 57:19 (7th ed. 2013) ("[I]f a provision of a statute states a time for performance of an official duty, without any language denying performance after a specified time, it is directory."). And because Congress "has failed to specify a consequence

for noncompliance with the thirty-day time limit imposed by 28 U.S.C. § 2244(b)(3)(D)," failure to comply with that time limit "does not deprive this Court of the power to grant or deny" a motion to file a second or successive petition. *In re Siggers*, 132 F.3d at 336.

Because the thirty-day statutory time limit is hortatory, we reach the merits of Ezell's motion.

### III

### A

The Antiterrorism and Effective Death Penalty Act ("AEDPA") "imposes significant limitations on the power of federal courts to award relief to prisoners who file 'second or successive' habeas petitions." *United States v. Lopez*, 577 F.3d 1053, 1059 (9th Cir. 2009). Under AEDPA, a federal prisoner may not file a second or successive § 2255 petition unless he or she makes a prima facie showing to the appropriate court of appeals that the petition is based on: (1) "a new rule," (2) "of constitutional law," (3) "made retroactive to cases on collateral review by the Supreme Court," (4) "that was previously unavailable." 28 U.S.C. § 2255(h)(2);[3] *Tyler v. Cain*, 533 U.S. 656, 662, 121 S. Ct.

---

[3] The appeals court may also permit a prisoner to file a second or successive § 2255 petition if it contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1). We do not consider that section here. Nor do we consider or foreclose the possibility that someone who was sentenced under an erroneous interpretation of the ACCA might obtain relief via 28 U.S.C. §§ 2241 and 2255(e). *See Gilbert v. United States*, 640 F.3d 1293,

2478, 2482 (2001).    Section 2255(h)(2) creates a jurisdictional bar to the petitioner's claims: "If the petitioner does not first obtain our authorization, the district court lacks jurisdiction to consider the second or successive application." *Lopez*, 577 F.3d at 1061.

Ezell's motion fails on the first two prongs of § 2255(h). The Supreme Court in *Descamps* did not announce a new rule, and even if it did, *Descamps* is not a constitutional case.[4] We therefore deny Ezell's motion.

## B

A new rule is a rule that "breaks new ground," "imposes a new obligation on the States or the Federal Government," or is otherwise "not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301, 109 S. Ct. 1060, 1070 (1989) (plurality opinion). A case also announces a new rule if it "expressly overrules a prior decision." *Jones v. Ryan*, 733 F.3d 825, 843 (9th Cir. 2013) (internal quotation marks omitted), *cert. denied*, 134 S. Ct. 503.

---

1305–15 (11th Cir. 2011) (en banc) (discussing the potential availability of such writs); *see also Marrero v. Ives*, 682 F.3d 1190, 1194–95 (9th Cir. 2012) (declining to address whether a petitioner may obtain relief via §§ 2241 and 2255(e) if "he received a sentence for which he was statutorily ineligible"). But any further attempts by Ezell to challenge his ACCA sentence would be futile, as he was also sentenced to 262 months' imprisonment for his drug conviction, which is unrelated to the validity of his ACCA sentence.

[4] Because Ezell's motion fails to meet § 2255(h)'s first two prongs, we do not consider whether *Descamps* announced a rule "made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 18 U.S.C. § 2255(h)(2).

The Supreme Court did not announce a new rule in *Descamps*. *Descamps* did not impose a new obligation nor did it break new ground. Rather, as both the Supreme Court and we have recognized, *Descamps* clarified application of the modified categorical approach in light of existing precedent. *Descamps*, 133 S. Ct. at 2283 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case."); *United States v. Quintero-Junco*, 754 F.3d 746, 751 (9th Cir. 2014) ("As the Supreme Court recently *clarified* in *Descamps*, courts may employ the modified categorical approach only when the statute of conviction is 'divisible . . . .'" (emphasis added)); *accord United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014) (noting that "[t]he Supreme Court in *Descamps* explained that it was not announcing a new rule, but was simply reaffirming" its prior interpretation of the ACCA).

But even if the Supreme Court did announce a new rule in *Descamps*, that rule is not constitutional. *Descamps* is a statutory interpretation case: It clarifies when certain crimes qualify as violent felonies under the ACCA, a congressional enactment. *See Descamps*, 133 S. Ct. at 2281 (framing the issue as one arising under the ACCA); *Shepard v. United States*, 544 U.S. 13, 16–17, 125 S. Ct. 1254, 1257 (2005) (clarifying application of the modified categorical approach under the ACCA and framing the issue as one of statutory interpretation).

Although *Descamps* discusses the Sixth Amendment, the discussion does not make the decision "constitutional" within the meaning of 28 U.S.C. § 2255(h)(2). *Descamps* explains that the modified categorical approach applies only to divisible statutes in part because a broader application may raise Sixth Amendment issues under *Apprendi v. New Jersey*.

*Descamps*, 133 S. Ct. at 2288 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362–63 (2000)).  But this discussion does not make *Descamps* "constitutional": "Under the statute, it is the 'new rule' itself that must be one 'of constitutional law,' not the effect of failing to apply that rule to successive petitions."  *In re Dorsainvil*, 119 F.3d 245, 248 (3d Cir. 1997); *see also United States v. Reyes*, 358 F.3d 1095, 1097 (9th Cir. 2004) (per curiam) (holding that *Richardson v. United States*, 526 U.S. 813, 119 S. Ct. 1707 (1999), is a statutory interpretation case even though it discusses constitutional issues).

The Court's decision in *Shepard* confirms that *Taylor v. United States*, 495 U.S. 575, 110 S. Ct. 2143 (1990), and its progeny—including *Descamps*—are statutory interpretation cases.  A majority of the Justices in *Shepard* concluded that a broad application of the modified categorical approach may implicate the Sixth Amendment.  *Shepard*, 544 U.S. at 24 (plurality opinion) (noting that it would raise Sixth Amendment concerns to permit sentencing courts to examine documents outside of charging papers, plea agreements, or other similar documents); *id.* at 28 (Thomas, J., concurring) ("[T]he factfinding procedure the Court rejects gives rise to constitutional error, not doubt . . . .").  Nevertheless, circuit courts to consider the issue consistently hold that *Shepard* is a statutory interpretation case.  *See United States v. Cantellano*, 430 F.3d 1142, 1147 (11th Cir. 2005) ("*Shepard* was not a constitutional decision.  *Shepard* decided an issue of statutory interpretation."); *see also United States v. Christensen*, 456 F.3d 1205, 1207 (10th Cir. 2006) (same).  *Shepard* itself confirms this:  "We are, after all, dealing with an issue of statutory interpretation."  544 U.S. at 23.  That conclusion applies with equal force to *Descamps*, notwithstanding the Court's Sixth Amendment discussion.

**IV**

In sum, *Descamps* did not announce a new rule, and even if it did, that rule is not constitutional.  Ezell has therefore failed to make a prima facie showing that he meets § 2255(h)(2)'s first two prongs.  His § 2255(h)(2) motion is thus

**DENIED.**