**CLD-188**                                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4308
_____

UNITED STATES OF AMERICA

v.

HOWARD HAWKINS, a/k/a Mark McLendon

Howard Hawkins,
                                                                    Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2-05-cr-00006-001)
District Judge:  Honorable Cathy Bissoon

_____

Submitted for a Decision on the Issuance of a Certificate
of Appealability and for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 7, 2015

Before: FUENTES, GREENAWAY, JR., and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed June 9, 2015)
_____

OPINION[*]
_____

PER CURIAM

Howard Hawkins appeals from the order of the District Court dismissing in part and denying in part his motion to vacate his criminal sentence, which he filed under 28 U.S.C. § 2255, Rule 60(b) of the Federal Rules of Civil Procedure, and 28 U.S.C. § 2241. We will deny a certificate of appealability ("COA") to the extent that one is required and will otherwise affirm.

I.

In 2006, Hawkins was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In light of Hawkins's criminal history, which included a Pennsylvania state conviction of conspiring to possess with the intent to deliver crack cocaine, the District Court sentenced him to a mandatory term of fifteen years in prison under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). We affirmed. See United States v. Hawkins, 280 F. App'x 117 (3d Cir. 2008). Hawkins later filed a § 2255 motion seeking relief from his criminal judgment. The District Court denied it on the merits, and we denied a COA. (C.A. No. 09-1682, July 20, 2009.)

At issue here is another § 2255 motion that Hawkins filed in the District Court. Hawkins argued that, under Descamps v. United States, 133 S. Ct. 2276 (2013), his Pennsylvania conspiracy conviction no longer constitutes a "serious drug offense" under 18 U.S.C. § 924(e)(1). Hawkins also argued that his § 2255 motion should not be

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

deemed second or successive or, in the alternative, that the District Court should permit him to proceed under Rule 60(b) or § 2241. The District Court disagreed, and it dismissed Hawkins's motion in part and denied it in part. Hawkins appeals.[1]

## II.

Primarily for the reasons explained by the District Court, jurists of reason would not debate whether Hawkins was entitled to proceed under § 2255 or Rule 60(b), and we agree that he was not entitled to proceed under § 2241 either.

First, Hawkins's § 2255 motion constitutes a second or successive § 2255 motion because his previous § 2255 motion was denied on the merits and his present § 2255 motion attacks the same criminal judgment. See United States v. Winkelman, 746 F.3d 134, 135 (3d Cir. 2014). Hawkins argues that, by reference to the abuse-of-the-writ doctrine that predated the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), his § 2255 motion is not successive because he could not have raised his argument under Descamps before. Cf. Benchoff v. Colleran, 404 F.3d 812, 817-18 (3d Cir. 2005).

---

[1] A COA is not required to appeal the denial of a § 2241 habeas petition, and we thus have jurisdiction under 28 U.S.C. § 1291 to the extent that the District Court denied Hawkins's request to proceed under § 2241. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). A COA is required to the extent that the District Court dismissed Hawkins's request for relief under § 2255 and denied his request to proceed under Rule 60(b). See 28 U.S.C. § 2253(c)(1)(B); United States v. Rinaldi, 447 F.3d 192, 195 (3d Cir. 2006). A COA may issue only if jurists of reason would debate both the District Court's procedural rulings and whether Hawkins has stated a valid claim of the denial of a constitutional right. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

3

Hawkins is incorrect. The substance of Hawkins's challenge was both ripe and available at the time of his criminal judgment, see Shepard v. United States, 544 U.S. 13 (2005); Taylor v. United States, 495 U.S. 575 (1990), and he previously challenged the District Court's reliance on his Pennsylvania conspiracy conviction both on direct appeal and in his previous § 2255 motion, see, e.g., Hawkins, 280 F. App'x at 121-22. His attempt to do so again on the basis of Descamps is governed by 28 U.S.C. §§ 2244 and 2255(h), which, as relevant here, require him to obtain our authorization to proceed on the basis of a "new rule of constitutional law." 28 U.S.C. §§ 2244(b)(2)(A), 2255(h)(2). Because he had not obtained our authorization, the District Court was required either to dismiss his § 2255 motion for lack of jurisdiction or transfer it to this Court to be treated as an application under §§ 2244 and 2255(h). See Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002). There was no reason for the District Court to transfer it to this Court because Hawkins's argument under Descamps does not prima facie satisfy the §§ 2244 and 2255(h) standard.[2]

---

[2] Hawkins argues that Pennsylvania's general conspiracy statute criminalizes some conduct that does not constitute a "serious drug offense," that the statute is indivisible, and that, under Descamps, the District Court thus erred in applying the modified categorical approach in determining that his Pennsylvania conviction was an ACCA predicate. In Descamps, the Court merely reaffirmed that, under its existing precedent (including Taylor and Shepard), courts may apply the modified categorical approach in determining whether a conviction is an ACCA predicate only when the statute of conviction is divisible and only to determine the subpart under which the defendant was convicted. See Descamps, 133 S. Ct. at 2281-82. Thus, the rule applied in Descamps is neither new nor constitutional. See Ezell v. United States, 778 F.3d 762, 765-66 (9th Cir. 2015); United States v. Davis, 751 F.3d 769, 775 (6th Cir. 2014). Indeed, although we do not reach the merits of Hawkins's claim, we note that we already have decided that

4

Second, and despite Hawkins's protestations to the contrary, his request to proceed under Rule 60(b) constituted a second or successive § 2255 motion as well because it asserted a claim for relief from his criminal judgment. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005). Thus, the District Court lacked jurisdiction over this aspect of his motion for the same reason.

Finally, the District Court properly concluded that it lacked jurisdiction to consider Hawkins's motion under § 2241 because § 2241 petitions must be filed in a prisoner's district of confinement and Hawkins was and is confined within the Eastern District of Kentucky. See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004). The District Court also concluded that Hawkins's request to proceed under § 2241 lacked merit because § 2255 is not inadequate or ineffective to test the legality of his detention. Cf. United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). There was no reason for the District Court to consider whether § 2241 relief might be available under the law of this circuit, however, because Hawkins is confined and should have requested § 2241 relief in Kentucky.

In that regard, the District Court could have considered whether transferring Hawkins's § 2241 petition to the proper forum would have been "in the interest of justice." 28 U.S.C. § 1631. We will not remand for that purpose because we see no

---

Descamps does not alter our previous ruling that 35 Pa. Stat. § 780-113(a)(30), which is the statute that Hawkins was convicted of conspiring to violate, is divisible and properly subject to the modified categorical approach. See United States v. Abbott, 748 F.3d 154, 156 & n.1 (3d Cir. 2014).

5

indication that Sixth Circuit law would permit Hawkins to proceed under § 2241. See, e.g., Davis, 751 F.3d at 775 ("The Supreme Court in Descamps explained that it was not announcing a new rule[.]"); Martin v. Perez, 319 F.3d 799, 804 (6th Cir. 2003) (recognizing Dorsainvil-like exception permitting resort to § 2241 but explaining that it requires "a rigorous showing, because [n]o circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of actual innocence to utilize § 2241 . . . as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions") (quotation marks and alteration omitted). For present purposes, however, we express no definitive opinion on the merits of that issue.

For these reasons, we will deny a COA to the extent that one is required and will otherwise affirm the judgment of the District Court.