**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-55341 |
| Plaintiff - Appellee, | D.C. No. 2:14-cv-08497-TJH |
| v. | |
| BRIAN DARNELL BERKLEY, Sr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Federal prisoner Brian Darnell Berkley, Sr., appeals pro se from the district

court's denial of his 28 U.S.C. § 2255 motion.  We have jurisdiction under 28

U.S.C. § 2253.  We review de novo the district court's decision to deny a section

2255 motion, *see United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2010), and we affirm.

Berkley contends that the district court erred by sentencing him as a career offender under U.S.S.G. § 4B1.1. He also argues that counsel was ineffective for misadvising him that if he went to trial, he would be subject to the career offender enhancement and a mandatory life sentence for his violation of 18 U.S.C. § 2113.

The government responds that Berkley's motion is untimely. We agree. Berkley filed his motion more than a year after his conviction became final, and he fails to allege the violation of a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2255(f); *Ezell v. United States*, 778 F.3d 762, 766 (9th Cir.), *cert. denied*, 136 S. Ct. 256 (2015) (the Supreme Court did not announce a new rule in *Descamps v. United States*, 133 S. Ct. 2276 (2013)). Because habeas claims that are not raised before the district court are not cognizable on appeal, *see Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994), we do not consider Berkley's claim that he is "actually innocent" of the predicate offenses underlying the U.S.S.G. § 4B1.1 enhancement.

**AFFIRMED.**

15-55341