**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| LINZEY SMITH, | No.   15-73591 |
| Petitioner, | D.C. No. 2:04-CR-00096-JLQ Eastern District of Washington, Spokane |
| v. |  |
| UNITED STATES OF AMERICA, | ORDER[*] |
| Respondent. |  |

Appeal from the United States District Court
for the Eastern District of Washington

Argued and Submitted December 5, 2016
Seattle, Washington

Before:  McKEOWN, TALLMAN, and CHRISTEN, Circuit Judges.

Smith once again requests authorization to file a second or successive motion under 28 U.S.C. § 2255 to vacate his sentence as an armed career criminal pursuant to 18 U.S.C. § 924(e)(2)(B)(ii).  Although Smith claims eligibility for relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), we are not persuaded that Smith's motion relies on *Johnson*.  We already decided that "[b]ecause the

---

 [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

record shows that petitioner's sentence was not enhanced by the residual clause of the Armed Career Criminal Act, *Johnson* does not apply." Order, *Smith v. United States*, No. 15-72688 (9th Cir. filed Oct. 16, 2015) (denying application to file second or successive § 2255 motion).

Instead, Smith is again attacking the application of the modified categorical approach to his predicate Washington second-degree burglary convictions under *Descamps v. United States*, 133 S. Ct. 2276 (2013). To timely attack the application of the modified categorical approach, Smith must have done so no more than one year after his conviction as an armed career criminal became final. 28 U.S.C. § 2255(f)(1). He did not. *See* Memorandum in Support of Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, *Smith v. United States*, No. 2:04-CR-00096-JLQ (E.D. Wash. Mar. 26, 2007), ECF No. 71. Now, nearly a decade later, Smith may file a second or successive § 2255 motion by demonstrating that he may benefit from "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h)(2). Because *Descamps* did not announce a new rule of constitutional law, *United States v. Ezell*, 778 F.3d 762, 766 (9th Cir. 2015), Smith fails to satisfy the prerequisites for filing a second or successive § 2255 motion.

The motion requesting authorization to file a second or successive application for habeas corpus is DENIED.