**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-55422 |
| Plaintiff-Appellee, | D.C. Nos. 2:13-cv-08539-DSF |
| v. | 2:06-cr-00819-GPS-1 |
| ROBERT NORMAN MYERS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted May 19, 2017[**]
Pasadena, California

Before: TASHIMA, SILVERMAN, and GRABER, Circuit Judges.

Petitioner Robert Norman Myers appeals the district court's denial of his

motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. After

pleading guilty in 2007 to one count of bank robbery, in violation of 18

U.S.C. § 2113(a), Petitioner received a sentence of 151 months. That sentence was

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

based on a Sentencing Guidelines range of 151–188 months, which was itself based on the district court's finding that Petitioner qualified as a "career offender." The district court made that finding due in part to Petitioner's 1990 second-degree burglary conviction in Washington. At the time of sentencing, Petitioner did not contend that his 1990 burglary conviction failed to qualify as a conviction for a "crime of violence" under the Guidelines.

Following the Supreme Court's decision in Descamps v. United States, 133 S. Ct. 2276 (2013), Petitioner filed his § 2255 motion. He argues that, under Descamps, his second-degree burglary conviction cannot be considered a conviction for a crime of violence under the modified categorical approach and that, therefore, he was incorrectly designated as a career offender, thus increasing his Guidelines range. Petitioner also argues that the lawyers who represented him during the 2007 proceedings and the direct appeal therefrom provided ineffective assistance by failing to contest his career offender status. The district court denied Petitioner's motion. Reviewing de novo, United States v. Reves, 774 F.3d 562, 564 (9th Cir. 2014), we affirm.

1. Petitioner's plea agreement bars his collateral attack on his sentence. That agreement provides that "[Petitioner] . . . gives up any right to bring a post-conviction collateral attack on the . . . sentence, . . . except a post-conviction

collateral attack based on a claim of ineffective assistance of counsel[] . . . or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction." First, we reject Petitioner's argument that the plea agreement is ambiguous in any relevant respect. Although the agreement may be ambiguous with respect to whether Petitioner can challenge his career offender designation on appeal, see United States v. Charles, 581 F.3d 927, 931–32 (9th Cir. 2009) (finding a similarly-worded agreement to be ambiguous), the agreement unambiguously precludes Petitioner from collaterally attacking his career offender designation. Second, we reject the argument that the Supreme Court's decision in Descamps was an "explicitly retroactive change in the applicable Sentencing Guidelines." It was, instead, a clarification of the "application of the modified categorical approach in light of existing precedent." Ezell v. United States, 778 F.3d 762, 766 (9th Cir. 2015). Third, we reject the argument that Petitioner's sentence "violates the law" and that the collateral-attack waiver is not enforceable, because the 151-month sentence is lower than the statutory maximum of 240 months and does not violate the Constitution. United States v. Bibler, 495 F.3d 621, 624 (9th Cir. 2007).

2. Petitioner's ineffective assistance of counsel claim fails on the merits. At the time Petitioner was sentenced, the law in this circuit was that the modified

3

categorical approach could be used to determine whether a conviction under Washington's second-degree burglary statute was a crime of violence. United States v. Guerrero-Velasquez, 434 F.3d 1193, 1196–97 (9th Cir. 2006). Furthermore, the modified categorical approach, as it was understood in this circuit at that time, allowed for the examination of various documents to determine "what facts [a] conviction necessarily rested on," even if the statute of conviction was indivisible. United States v. Aguila-Montes de Oca, 655 F.3d 915, 922–23, 936–37, 940 (9th Cir. 2011) (en banc) (Bybee, J., opinion), abrogated by Descamps, 133 S. Ct. at 2282–83. Assuming that Descamps changed that analysis—that is, assuming that, under Descamps, the district court would have been precluded from finding Petitioner's 1990 second-degree burglary conviction to be a conviction for a "crime of violence" under the modified categorical approach—the failure of Petitioner's lawyer to anticipate Descamps and argue against binding circuit precedent did not fall below an objective standard of reasonableness. See, e.g., Clark v. Arnold, 769 F.3d 711, 727 (9th Cir. 2014) ("[W]e do not expect counsel to be prescient about the direction the law will take." (internal quotation marks omitted)); see also Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994) (holding that a habeas petitioner's lawyer "cannot be required to anticipate [a] decision in [a] later case," because his or her performance "must be

4

evaluated . . . as of the time of [his or her] conduct" (internal quotation marks

omitted)).

AFFIRMED.