356

## IN RE: Barry Charles DOCKERY, Movant

### No. 17-50367

United States Court of Appeals, Fifth Circuit.

FILED July 20, 2017

Barry Charles Dockery, Pro se.

Before JOLLY, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:

Barry Charles Dockery, federal prisoner # 57922-180, moves for authorization to file a successive 28 U.S.C. § 2255 motion to challenge his convictions and sentences for possession of a firearm by a felon, unlawful possession of an unregistered firearm, possession of a firearm in furtherance of a drug trafficking crime, conspiracy to distribute and possess with intent to distribute marijuana and cocaine base, possession of cocaine base with intent to distribute, and possession of marijuana with intent to distribute. He seeks authorization in light of *Dean v. United States*, —— U.S. ——, 137 S.Ct. 1170, 197 L.Ed.2d 490 (2017).

To obtain authorization, a movant must make a prima facie showing that his proposed claims rely on either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h); *see also* 28 U.S.C. § 2244(b)(3)(C); *Reyes-Requena v. United States*, 243 F.3d 893, 897-99 (5th Cir. 2001).

Dockery does not assert that his claims rely on newly discovered evidence, nor has he made a prima facie showing that *Dean* announced a new rule of constitutional law that was made retroactive to cases on collateral review by the Supreme Court. *See* § 2255(h)(2); *In re Tatum*, 233 F.3d 857, 859 (5th Cir. 2000). Accordingly, IT IS ORDERED that Dockery's motion for authorization to file a successive § 2255 motion is DENIED.