**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 18-6764**

———————————

HAROLD A. HABECK, II,

          Petitioner - Appellant,

      v.

UNITED STATES OF AMERICA,

          Respondent - Appellee.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Arenda L. Wright Allen, District Judge.  (2:17-cv-00256-AWA-RJK)

———————————

Submitted:  October 25, 2018                    Decided:  November 14, 2018

———————————

Before KEENAN and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Harold A. Habeck, II, Appellant Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harold A. Habeck, II, filed a 28 U.S.C. § 2241 (2012) petition challenging his sentence in light of *Dean v. United States*, 137 S. Ct. 1170, 1178 (2018) (holding that sentencing court is not precluded from considering, in determining the sentence for a predicate conviction, that 18 U.S.C. § 924(c) (2012) imposes a mandatory consecutive sentence for a § 924(c) offense). The district court adopted the magistrate judge's recommendation and dismissed without prejudice, for lack of subject matter jurisdiction, Habeck's § 2241 petition, and denied relief on Habeck's Fed. R. Civ. P. 60(b) motion. Habeck appeals these orders.

This court reviews de novo whether a prisoner may bring a challenge pursuant to § 2241. *Yi v. Fed. Bureau of Prisons*, 412 F.3d 526, 530 (4th Cir. 2005). Generally, federal prisoners must "bring collateral attacks challenging the validity of their judgments and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255 [(2012)]." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the savings clause in 28 U.S.C. § 2255(e) allows a federal prisoner to seek relief pursuant to § 2241 if § 2255 is "'adequate or ineffective to test the legality of [his] detention.'" *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (quoting § 2255(e)). The requirements of the § 2255(e) savings clause are jurisdictional. *United States v. Wheeler*, 886 F.3d 415, 426 (4th Cir. 2018).

In *Wheeler*, we held that:

[Section] 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent

2

to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id*. at 429. Habeck fails to meet the requirements of the savings clause because *Dean* has not been held to apply retroactively to cases on collateral review. *In re Dockery*, 869 F.3d 356, 356 (5th Cir. 2017).

Accordingly, we grant leave to proceed in forma pauperis and affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*