**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

FERNANDO PONCE GARCIA,
*Petitioner*,

v.

UNITED STATES OF AMERICA,
*Respondent*.

No. 17-71759

OPINION

Application to File Second or Successive
Petition Under 28 U.S.C. § 2255

Argued and Submitted April 19, 2019
San Francisco, California

Filed May 16, 2019

Before: MICHAEL DALY HAWKINS and MILAN D.
SMITH, JR., Circuit Judges, and BARBARA M. G.
LYNN,* District Judge.

Opinion by Judge Milan D. Smith, Jr.

---

* The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

## SUMMARY[**]

### 28 U.S.C. § 2255

The panel denied Fernando Ponce Garcia's application for authorization to file a second or successive 28 U.S.C. § 2255 petition collaterally attacking his 2008 sentence for conspiracy to distribute and possess with intent to distribute methamphetamine (21 U.S.C. §§ 846, 841(1)(a)(1), and 841(b)(1)(A)) and possession of a firearm during a drug trafficking offense (18 U.S.C. § 924(c)(1)(A)).

Garcia's application relied on the rule announced in *Dean v. United States*, 137 S. Ct. 1170 (2017), which held that when a defendant is facing two consecutive sentences—one for a predicate offense, which does not carry a mandatory minimum sentence, and one for an offense committed under § 924(c), which does carry a mandatory minimum—the sentencing judge has the discretion to consider the defendant's mandatory sentence when deciding the proper time to be served for the predicate offense.

The panel held that Garcia did not satisfy the requirements set forth in 28 U.S.C. § 2255(h)(2) for authorization to file a second or successive § 2255 petition because *Dean*'s rule was statutory, not constitutional, and even if it were constitutional, the Supreme Court has not made the rule retroactive to cases on collateral review.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Elizabeth Richardson-Rover (argued), San Francisco, California, for Petitioner.

Laurel J. Montoya (argued), Assistant United States Attorney; Camil A. Skipper, Appellate Chief; McGregor Scott, United States Attorney; United States Attorney's Office, Fresno, California; for Respondent.

**OPINION**

M. SMITH, Circuit Judge:

In this case of first impression for our circuit, we decide whether the Supreme Court's decision in *Dean v. United States*, 137 S. Ct. 1170 (2017), announced a new rule of constitutional law that the Court has made retroactively applicable to cases on collateral review. We find that it did not, so we deny Fernando Garcia's application for authorization to file a second or successive petition under 28 U.S.C. § 2255.

**FACTUAL AND PROCEDURAL BACKGROUND**

Garcia pleaded guilty to conspiracy to distribute and possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and possession of a firearm during a drug trafficking offense,

in violation of 18 U.S.C. § 924(c)(1)(A).  In 2008, the district court sentenced Garcia to 228 months in prison.[1]

Garcia did not directly appeal his conviction or sentence, but filed what the district court construed as a 28 U.S.C. § 2255 petition, alleging that his plea was involuntary.  The court denied that petition.  Garcia later filed another federal habeas petition, which the court denied as a successive petition filed without authorization from the court of appeals.

This application for authorization to file a second or successive § 2255 petition followed.  We appointed counsel for Garcia and requested a supplemental application addressing whether the Supreme Court's decision in *Dean* meets § 2255(h)(2)'s requirements for authorization of a second or successive petition.

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), "[p]ermitting a state prisoner to file a second or successive federal habeas corpus petition is not the general rule, it is the exception, and an exception that may be invoked only when the demanding standard set by Congress is met."  *Bible v. Schriro*, 651 F.3d 1060, 1063 (9th Cir. 2011) (per curiam); *see also United States v. Lopez*, 577 F.3d 1053, 1059 (9th Cir. 2009).  Before a second or successive application may be filed in the district court, the court of appeals must certify that it relies on "[1] a new rule, [2] of constitutional law, [3] made retroactive to cases on collateral

---

[1] Pursuant to a stipulation of the parties and Amendment 782 to the United States Sentencing Guidelines, the district court later reduced Garcia's sentence to 195 months in prison.

review by the Supreme Court, [4] that was previously unavailable." 28 U.S.C. § 2255(h)(2). The movant must make a prima facie showing that the application satisfies each requirement. 28 U.S.C. § 2244(b)(3)(C).

Garcia's application relies on the rule announced in *Dean*. There, the Court held that when a defendant is facing two consecutive sentences—one for a predicate offense, which does not carry a mandatory minimum sentence, and one for an offense committed under 18 U.S.C. § 924(c), which does carry a mandatory minimum—the sentencing judge has the discretion to consider the defendant's mandatory sentence when deciding the proper time to be served for the predicate offense. *Dean*, 137 S. Ct. at 1177–78. The Court determined that "[n]othing in § 924(c) restricts the authority conferred on sentencing courts by [18 U.S.C.] § 3553(a) and the related provisions to consider a sentence imposed under § 924(c) when calculating a just sentence for the predicate count." *Id.* at 1176–77. "[S]o long as [the sentencing judge] imposes the mandatory minimum 'in addition to' the sentence for the violent or drug trafficking crime," any consecutive sentence for the predicate offense is permissible under § 924(c). *Id.* at 1177.

The government does not dispute that *Dean* announced a new rule previously unavailable to Garcia, but contends that *Dean*'s rule is not constitutional and has not been made retroactive to cases on collateral review by the Supreme Court. We agree.

## I.  Constitutional Rule

Garcia contends that *Dean* established a constitutional rule because the Court's reasoning "is rooted in due process—specifically, the due process right to have a sentencing body exercise all of the sentencing discretion it

has been granted by the legislature." He argues that "[b]y creating a new rule requiring district courts to exercise their discretion to impose a 'just' sentence by considering the impact of § 924(c) mandatory minimums, the Supreme Court established a new due process right."

Not so. *Dean*'s rule derives from statutory interpretation, not the Constitution. Indeed, the Court's decision in *Dean* lacks any discussion of due process. *Cf. United States v. Reyes*, 358 F.3d 1095, 1097 (9th Cir. 2004) (new rule not constitutional where the Court "specifically avoided reaching any constitutional questions"). The Court merely interpreted § 924(c) and found that nothing in the statute "prevents a sentencing court from considering a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense." *Dean*, 137 S. Ct. at 1178. Even if the Court believed that a contrary reading of the statute would raise due process concerns, that would not suffice, for "it is the 'new rule' itself that must be one 'of constitutional law,' not the effect of failing to apply that rule to successive petitions." *Ezell v. United States*, 778 F.3d 762, 766 (9th Cir. 2015) (quoting *In re Dorsainvil*, 119 F.3d 245, 248 (3d Cir. 1997)).

The Court's decision in *Dean* did not interpret—or even mention—the Constitution. Rather, *Dean*'s rule is rooted in the Court's interpretation of § 924(c). Because Garcia fails to make a prima facie showing that *Dean* announced a constitutional rule, he does not satisfy that requirement of § 2255(h)(2).

## II. Retroactive to Cases on Collateral Review

Even if *Dean*'s rule were constitutional, Garcia's application fails because the Supreme Court has not made the rule retroactive to cases on collateral review.

Generally, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague v. Lane*, 489 U.S. 288, 310 (1989) (plurality opinion). An exception exists, however, if "the Supreme Court holds [the new rule] to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001).

The Court has held that new substantive rules of constitutional law—rules that "alter[] the range of conduct or the class of persons that the law punishes"—apply retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264–65 (2016) (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). New constitutional rules of criminal procedure, by contrast, generally do not apply retroactively to cases on collateral review. *Teague*, 489 U.S. at 310. An exception exists, however, for "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Tyler*, 533 U.S. at 665 (citation omitted). "To fall within this exception, a new rule must meet two requirements: Infringement of the rule must 'seriously diminish the likelihood of obtaining an accurate conviction,' and the rule must 'alter our understanding of the *bedrock procedural elements*' essential to the fairness of a proceeding." *Id.* (quoting *Sawyer v. Smith*, 497 U.S. 227, 242 (1990)).

Garcia contends that *Dean* announced a substantive rule because it "altered the 'substantive reach' of § 924(c) by making clear that the consecutive mandatory minimum sentence imposed under its terms . . . must be part of the overall 'sufficient, but not greater than necessary' sentence" under § 3553(a). That argument fails, however, because *Dean*'s rule is permissive, not mandatory: When sentencing

a defendant for a predicate offense, a court *may*, but need not, consider the separate mandatory minimum sentence required by § 924(c). *Dean*, 137 S. Ct. at 1177. That rule does not "'forbid[] criminal punishment of certain primary conduct'" or "prohibit[] a certain category of punishment for a class of defendants because of their status or offense.'" *Montgomery v. Louisiana*, 136 S. Ct. 718, 728 (2016) (quoting *Penry v. Lynaugh*, 492 U.S. 302, 330 (1989)).

At oral argument, Garcia tried to draw an analogy between the rule announced in *Dean* and the rule in *Miller v. Alabama*, 567 U.S. 460 (2012)—the latter of which the Court has held to be retroactive to cases on collateral review. But *Miller* is distinct from *Dean* in several respects. Most importantly, whereas the Court expressly made *Miller*'s rule retroactive in *Montgomery*, the Court has not expressly made *Dean*'s rule retroactive. *See* 136 S. Ct. at 735. In addition, *Miller*'s substantive rule prohibited a sentence of life without the possibility of parole "for 'a class of defendants because of their status'—that is, juvenile offenders whose crimes reflect the transient immaturity of youth." *Montgomery*, 136 S. Ct. at 734 (quoting *Penry v. Lynaugh*, 492 U.S. 302, 330 (1989)). *Dean*, in contrast, did not prohibit or restrict the sentences of defendants convicted of predicate offenses and § 924(c) offenses; it only stated that the sentencing court may consider the separate mandatory minimum sentence required by § 924(c) when sentencing a defendant for the predicate offense. *See* 137 S. Ct. at 1177.

Nor has Garcia demonstrated that the Court has made *Dean* retroactive under the exception for watershed rules of criminal procedure. The Court could do so explicitly or through a combination of holdings from multiple cases that "logically dictate[s]" the conclusion that *Dean*'s rule falls within the exception. *See Tyler*, 533 U.S. at 666–67. *Dean*

itself did not explicitly state that its rule applies retroactively, and Garcia has not identified any combination of Supreme Court holdings that logically dictates *Dean*'s retroactivity.

Garcia has failed to make the requisite prima facie showing that the Court has made *Dean* retroactive to cases on collateral review. Accordingly, he does not satisfy the requirements of § 2255(h)(2).[2]

## CONCLUSION

*Dean*'s rule was statutory, not constitutional, and the Supreme Court has not made it retroactive to cases on collateral review. Accordingly, Garcia has not made a prima facie showing that his application satisfies the requirements of § 2255(h)(2). We therefore **DENY** Garcia's application to file a second or successive § 2255 petition collaterally attacking the judgment in his case.

---

[2] In so holding, we agree with every other court of appeals that has considered whether to authorize a second or successive petition based on *Dean*. *See In re Parker*, No. 18-2187, 2019 U.S. App. LEXIS 5772, at *3 (6th Cir. Feb. 26, 2019); *In re Dougherty*, No. 18-11456, 2018 U.S. App. LEXIS 11620, at *3 (11th Cir. May 2, 2018); *In re Payne*, No. 17-5089 (10th Cir. Oct. 4, 2017); *In re Dockery*, 869 F.3d 356, 356 (5th Cir. 2017). The Fourth Circuit, in considering a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, has also held that the Supreme Court has not made *Dean*'s rule retroactive to cases on collateral review. *See Habeck v. United States*, 741 F. App'x 953, 954 (4th Cir. 2018).