**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| HOWARD ALLEN YOUNG,<br>*Applicant*,<br><br>v.<br><br>CHRISTIAN PFEIFFER, Warden,<br>*Respondent.* | No. 19-70286<br><br><br>OPINION |

Application to File Second or Successive
Petition Under 28 U.S.C. § 2254

Submitted July 2, 2019*
San Francisco, California

Filed August 12, 2019

Before:  M. Margaret McKeown, Jay S. Bybee,
and John B. Owens, Circuit Judges.

Per Curiam Opinion

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Habeas Corpus

Denying an application for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition, the panel held that the Supreme Court has not made *Riley v. California*, 573 U.S. 373 (2014) (holding that a warrant is "generally required" to search a cell phone's data), retroactive; and that the applicant has therefore not made a prima face showing that his application to file a second or successive § 2254 petition meets the requirements of 18 U.S.C. § 2244(b)(2)(A).

### COUNSEL

Howard Allen Young, Vacaville, California, pro se Applicant.

Gregory A. Ott, Deputy Attorney General; Peggy S. Ruffra, Supervising Deputy Attorney General; Jeffrey M. Laurence, Senior Assistant Attorney General; Xavier Becerra, Attorney General; Office of the Attorney General, San Francisco, California; for Respondent.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

PER CURIAM:

Howard Allen Young was convicted in California state court of second-degree burglary, grand theft, and selling stolen property. He seeks authorization to file a second or successive 28 U.S.C. § 2254 petition for writ of habeas corpus. Young argues that *Riley v. California*, 573 U.S. 373 (2014), announced a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A). We hold that it did not, and deny Young's application for authorization to file another habeas petition.

## I.  Factual and Procedural Background

In 2006, a California jury convicted Young of fourteen counts of second-degree burglary, fourteen counts of grand theft, and one count of selling stolen property, with enhancements. He was sentenced to state prison for thirty years and eight months. The California Court of Appeal affirmed his conviction and the California Supreme Court denied his petition for review.

Young later challenged his conviction in federal district court with a § 2254 habeas petition, which was denied on the merits.

In the years following the district court's denial, Young has filed several applications in this court for authorization to file a second or successive § 2254 petition. Most recently, he filed a motion to reconsider the denial of his application, which we deemed another application for authorization. Young asserted that his conviction was unconstitutional because there was an unreasonable search of his cell phone

based on *Riley*, which held that a warrant is "generally required" to search a cell phone's data. 573 U.S. at 401. We requested that respondent address whether the Supreme Court's decision in *Riley* meets § 2244(b)(2)(A)'s requirements for authorization of a second or successive petition.

## II. DISCUSSION

"The Antiterrorism and Effective Death Penalty Act ('AEDPA') imposes significant limitations on the power of federal courts to award relief to prisoners who file second or successive habeas petitions." *Ezell v. United States*, 778 F.3d 762, 765 (9th Cir. 2015) (internal quotation marks and citation omitted). However, we may authorize the filing of a second or successive § 2254 habeas petition if the application makes a prima facie showing that "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2244(b)(2)(A), (b)(3)(C).

Under § 2244(b)(2)(A), "the Supreme Court is the only entity that can 'ma[k]e' a new rule retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001) (alteration in original). Moreover, "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Id*. The Supreme Court can make a rule retroactive explicitly or through a combination of holdings that "logically dictate[]" the new rule's retroactivity. *Garcia v. United States*, 923 F.3d 1242, 1246 (9th Cir. 2019) (quoting *Tyler*, 533 U.S. at 666–67).

"A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a watershed rul[e] of criminal procedure implicating the

fundamental fairness and accuracy of the criminal proceeding." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (alteration in original) (internal quotation marks and citation omitted). "New constitutional rules of criminal procedure . . . generally do not apply retroactively to cases on collateral review." *Garcia*, 923 F.3d at 1245 (citing *Teague v. Lane*, 489 U.S. 288, 310 (1989) (plurality opinion)). A new procedural rule "must be one without which the likelihood of an accurate conviction is *seriously* diminished. This class of rules is extremely narrow, and it is unlikely that any . . . ha[s] yet to emerge." *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004) (emphasis and alteration in original) (internal quotation marks and citations omitted).

Here, Young has not shown that the Supreme Court made *Riley* retroactive. *Riley* does not itself hold that it is retroactive, 573 U.S. at 386, nor does Young offer a string of cases "logically dictat[ing]" that conclusion. *Garcia*, 923 F.3d at 1246 (citation omitted).[1]

Accordingly, Young has not made a prima facie showing that his application to file a second or successive § 2254 petition meets the requirements of § 2244(b)(2)(A). His application is therefore **DENIED**.

---

[1] We join our sister circuits in concluding that the Supreme Court has not made *Riley* retroactive. *See, e.g.*, *In re Baker*, 2019 U.S. App. LEXIS 893, at *3 (11th Cir. Jan. 9, 2019) (unpublished); *Austin v. United States*, 2017 U.S. App. LEXIS 28010, at *4 (6th Cir. Feb. 16, 2017) (unpublished).