**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 21 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-35179 |
| Plaintiff-Appellee, | D.C. Nos.    3:16-cv-01284-SI<br>3:03-cr-00410-SI-1 |
| | No.    18-35180 |
| v. | D.C. Nos.    3:16-cv-01285-SI<br>3:04-cr-00010-SI-1 |
| | No.    18-35181 |
| TIMOTHY KANA DAWSON, | D.C. Nos.    3:16-cv-01287-SI<br>3:05-cr-00073-SI-1 |
| Defendant-Appellant. | |
| | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted October 15, 2019[**]

Before:    FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

In these consolidated appeals, Timothy Dawson appeals from the district court's orders denying his 28 U.S.C. § 2255 motions to vacate. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Dawson contends that his bank robbery conviction under 18 U.S.C. § 2113(a) does not qualify as a predicate crime of violence under 18 U.S.C. § 924(c). This argument is foreclosed. *See United States v. Watson*, 881 F.3d 782 (9th Cir.), *cert. denied*, 139 S. Ct. 203 (2018).

Dawson next contends that he is entitled to relief under *Dean v. United States*, 137 S. Ct. 1170 (2017). This contention also fails. Contrary to Dawson's contention, *Dean* did not announce a substantive rule that applies retroactively to cases on collateral review. *See Garcia v. United States*, 923 F.3d 1242, 1245-46 (9th Cir. 2019). *Dean*, therefore, does not satisfy section 2255(f)(3), and Dawson's claim was untimely. *See* 28 U.S.C. § 2255(f)(1).

Appellee's motions for summary affirmance are denied as moot.

**AFFIRMED.**