**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 21 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-35135 |
| Plaintiff-Appellee, | D.C. Nos.   3:16-cv-01269-BR |
| v. | 3:10-cr-00487-BR-3 |
| ERIC STEVEN WILCOXSON, AKA Eric Wilcoxson, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted October 15, 2019[**]

Before:    FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Eric Steven Wilcoxson appeals from the district court's order denying his 28

U.S.C. § 2255 motion to vacate.  We have jurisdiction under 28 U.S.C. § 2253, and

we affirm.

Wilcoxson contends that his armed bank robbery conviction under 18 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 2113(a), (d) does not qualify as a predicate crime of violence under 18 U.S.C. § 924(c). This argument is foreclosed. *See United States v. Watson*, 881 F.3d 782 (9th Cir.), *cert. denied*, 139 S. Ct. 203 (2018).

Wilcoxson next contends that he is entitled to relief under *Dean v. United States*, 137 S. Ct. 1170 (2017). This contention also fails. Contrary to Wilcoxson's contention, *Dean* did not announce a substantive rule that applies retroactively to cases on collateral review. *See Garcia v. United States*, 923 F.3d 1242, 1245-46 (9th Cir. 2019). The district court correctly concluded that *Dean* does not satisfy section 2255(f)(3) and that this claim is therefore untimely. *See* 28 U.S.C. § 2255(f)(1).

Appellee's motion for summary affirmance is denied as moot.

**AFFIRMED.**