**COURT OF APPEALS
DECISION
DATED AND FILED**

**November 5, 2024**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.  2022AP1344**

Cir. Ct. No. 2001CF580

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT III**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

LAWRENCE NORTHERN,

   DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Eau Claire County: MICHAEL A. SCHUMACHER, Judge. *Affirmed*.

Before Hruz, Gill, and Gundrum, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Lawrence Northern appeals from an order that denied his most recent postconviction motion without an evidentiary hearing. We

affirm on the basis that the claims raised in Northern's motion are procedurally barred.

## BACKGROUND

¶2 In 2002, Northern was convicted upon a jury's verdict of two counts of possession of cocaine with intent to deliver. Northern appealed his conviction, attempting to raise several issues related to the discovery process in his case. We concluded that Northern had failed to preserve his discovery issues and affirmed the conviction in **State v. Northern** (**Northern I**), No. 2003AP246-CR, unpublished slip op. (WI App Nov. 4, 2003). The Wisconsin Supreme Court denied Northern's petition for review.

¶3 In 2005, Northern filed a pro se motion seeking a new trial under WIS. STAT. § 974.06 (2021-22).[1] In that motion, Northern alleged claims of: a defective jury instruction, a double jeopardy violation, insufficient evidence to support the verdict, the improper admission of certain evidence at trial, and ineffective assistance of trial, postconviction, and appellate counsel. The circuit court denied the motion, and this court affirmed that decision in **State v. Northern** (**Northern II**), No. 2005AP1215, unpublished slip op. (WI App May 16, 2006). The Wisconsin Supreme Court denied Northern's petition for review.

¶4 In 2006, Northern filed a pro se **Knight** petition with this court seeking a writ of habeas corpus to reinstate his direct appeal rights based upon claims of ineffective assistance of appellate counsel. See **State v. Knight**, 168 Wis. 2d 509, 484 N.W.2d 540 (1992). Among those claims were allegations appellate counsel

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

was deficient for failing to argue that trial counsel should have challenged the State's amendment of its complaint, the admissibility of other-acts evidence (which was not ultimately presented), and the admission of a demonstrative aid. Following a remand from the Wisconsin Supreme Court, this court denied the petition in *Northern v. Lundquist* (*Northern III*), No. 2006AP2051-W, unpublished op. and order (WI App Mar. 14, 2007).

¶5    Later in 2006, Northern filed a second pro se motion seeking a new trial under WIS. STAT. § 974.06—this time based upon an alleged improper amendment of the Information and ineffective assistance of both trial and postconviction counsel. The circuit court denied the motion, and this court affirmed that decision in *State v. Northern* (*Northern IV*), No. 2007AP168, unpublished slip op. (WI App Nov. 29, 2007).

¶6    In 2008, Northern filed a petition for habeas corpus in federal district court. The district court denied that petition, the Seventh Circuit Court of Appeals affirmed, and the United States Supreme Court denied certiorari.

¶7    In 2009, Northern filed a pro se motion seeking resentencing or sentence modification. The circuit court denied the motion, and this court affirmed that decision in *State v. Northern* (*Northern V*), No. 2009AP3038, unpublished slip op. (WI App Nov. 16, 2010). The Wisconsin Supreme Court denied Northern's petition for review.

¶8    In 2015, Northern filed a petition for a supervisory writ with the Wisconsin Supreme Court, seeking to compel this court to provide him with relief. That petition was denied ex parte.

¶9     In 2016, Northern filed a second ***Knight*** petition with this court, again alleging ineffective assistance of appellate counsel.  The primary focus of this petition was that the law firm Northern had hired for his appeal had subrogated the drafting of his brief to another attorney without Northern's consent.  This court denied the ***Knight*** petition in ***Northern v. Tegels*** (***Northern VI***), No. 2016AP492-W, unpublished op. and order (WI App June 9, 2016).  The Wisconsin Supreme Court denied Northern's petition for review.

¶10    In 2017, Northern filed a second pro se motion for sentence modification, which the circuit court denied.  Northern did not appeal that decision.

¶11    In 2020, Northern filed a third ***Knight*** petition with this court, alleging that his right to counsel of his choice was violated in his first appeal and that appellate counsel was ineffective by failing to challenge the search of a cell phone and a stipulation allowing the admission of laboratory reports identifying the substance seized as cocaine without supporting expert testimony.  This court denied the petition in ***Northern v. Tegels*** (***Northern VII***), No. 2020AP1811-W, unpublished op. and order (WI App. Nov. 24, 2020).

¶12    In 2022, Northern filed his third pro se motion under WIS. STAT. § 974.06, which is the subject of this appeal.  In his current postconviction motion, Northern contends that his trial counsel was ineffective by failing to challenge the search of a cell phone and a stipulation allowing the admission of laboratory reports identifying the substance seized as cocaine without supporting expert testimony. The circuit court denied the motion without a hearing, and Northern appeals.

**DISCUSSION**

¶13 The primary issue in this appeal is whether Northern was entitled to a hearing on his most recent postconviction motion. In order to obtain a hearing on a postconviction motion, a defendant must allege material facts sufficient to warrant the relief sought. *State v. Allen*, 2004 WI 106, ¶¶9, 36, 274 Wis. 2d 568, 682 N.W.2d 433. No hearing is required, though, when the defendant presents only conclusory allegations or when the record conclusively demonstrates that he or she is not entitled to relief. *Nelson v. State*, 54 Wis. 2d 489, 497-98, 195 N.W.2d 629 (1972). A defendant is not entitled to relief on claims that are procedurally barred. *See State v. Romero-Georgana*, 2014 WI 83, ¶71, 360 Wis. 2d 522, 849 N.W.2d 668. Whether a defendant is procedurally barred from filing a postconviction motion is a question of law subject to de novo review. *Id.*, ¶30.

¶14 The State contends that the two issues raised in Northern's most recent postconviction motion are procedurally barred under either *State v. Witkowski*, 163 Wis. 2d 985, 473 N.W.2d 512 (Ct. App. 1991), or *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994). *Witkowski* holds that a matter already litigated cannot be relitigated in subsequent postconviction proceedings. *Witkowski*, 163 Wis. 2d at 990. *Escalona-Naranjo* holds that an issue that could have been raised in a direct appeal or in a postconviction motion under Wis. Stat. § 974.02, cannot be the basis for a subsequent postconviction motion under Wis. Stat. § 974.06, unless there was a sufficient reason for failing to raise the issue earlier. *Escalona-Naranjo*, 185 Wis. 2d at 185.

¶15 We agree with the State that both of Northern's current claims, if not actually litigated in their current framework of ineffective assistance of *trial* counsel, could have been previously litigated by at least his second Wis. Stat.

§ 974.06 motion—by which time Northern acknowledges he had a full set of transcripts. Northern's assertion that his postconviction and appellate counsel on direct appeal provided ineffective assistance by failing to preserve and raise the issues does not excuse Northern's own failure to raise the issues in his successive pro se motions. If, as Northern contends, postconviction and appellate counsel had sufficient information to be able to raise those claims based upon the record and discovery materials, then Northern did too.[2] We conclude that Northern's claims are barred under *Escalona-Naranjo*.

¶16 As a secondary issue, Northern asks this court to exercise our discretionary reversal power to grant him a new trial in the interest of justice, which we may do "if it appears from the record that the real controversy has not been fully tried." *See* WIS. STAT. § 752.35. In order to establish that the real controversy has not been fully tried, a party must show "that the jury was precluded from considering 'important testimony that bore on an important issue' or that certain evidence which was improperly received 'clouded a crucial issue' in the case." *State v. Darcy N.K.*, 218 Wis. 2d 640, 667, 581 N.W.2d 567 (Ct. App. 1998) (citation omitted).

¶17 Northern asserts that a stipulation to the effect that the substance he was accused of possessing had tested positive as cocaine relieved the State of its burden to prove, beyond a reasonable doubt, that the substance was in fact cocaine. This argument rests upon a mischaracterization of the stipulation, however. The stipulation was that "the Crime Lab reports regarding testing of suspected cocaine and marijuana in this case can be admitted into evidence without the testimony of

---

[2] Northern asserts that a case supporting his cell phone claim, *Riley v. California*, 573 U.S. 373 (2014), was not decided until after he had already filed his first two WIS. STAT. § 974.06 motions. That is irrelevant, however, given that *Riley* has only prospective application. *See Young v. Pfeiffer*, 933 F.3d 1123, 1125 & n.1 (9th Cir. 2019).

the Crime Lab analysts." Thus, the laboratory reports were, in fact, admitted into evidence to help meet the State's burden. Moreover, Northern does not present any proposed testimony from any crime laboratory analyst that would have undermined the conclusions reached in the laboratory reports. Therefore, we conclude the jury was not precluded from hearing any important testimony, and we decline to exercise our discretionary reversal power.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.