NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 1 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHANE RUSSELL SAVAGE, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | No. 23-1281 <br><br><br> MEMORANDUM* |

Application to File Second or Successive Petition
Under 28 U.S.C. § 2255

Submitted April 2, 2024**
Submission Vacated August 9, 2024
Resubmitted July 1, 2025
Portland, Oregon

Before: OWENS and FRIEDLAND, Circuit Judges, and ORRICK, District
Judge.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable William Horsley Orrick, United States District Judge for the Northern District of California, sitting by designation.

Shane Russell Savage seeks authorization to file a Second or Successive ("SOS") petition for a writ of habeas corpus under 28 U.S.C. § 2255(h)(2). A petitioner must obtain an order from the court of appeals authorizing an SOS petition before filing it in the district court. *Muñoz v. United States*, 28 F.4th 973, 975 (9th Cir. 2022); 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Certification of a petition under § 2255(h)(2) may be granted only if the petition "relies on '[1] a new rule, [2] of constitutional law, [3] made retroactive to cases on collateral review by the Supreme Court, [4] that was previously unavailable.'" *Young v. United States*, 22 F.4th 1115, 1120 (9th Cir. 2022) (alterations in original) (quoting *Garcia v. United States*, 923 F.3d 1242, 1244 (9th Cir. 2019)). The petitioner must make a "prima facie showing" of these elements. *Muñoz*, 28 F.4th at 975; *see also Garcia*, 923 F.3d at 1244 (citing the "prima facie" requirement in § 2244(b)(3)(C) and applying it to a § 2255(h)(2) petition).

Savage asserts that his petition meets the requirements for certification. As the parties are familiar with the facts, we do not recount them here. We deny the application for authorization to file an SOS 28 U.S.C. § 2255 habeas petition.

Savage pleaded guilty to violating 18 U.S.C. § 922(g)(3), which criminalizes being an unlawful user of a controlled substance in possession of a firearm. His SOS petition relies on *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), which he says announced a new rule of constitutional law by

providing a new framework for analyzing the constitutionality of firearm regulations under the Second Amendment.

*Bruen*, 597 U.S. at 19–22, discussed *District of Columbia v. Heller*, 554 U.S. 570 (2008), which analyzed statutes in Washington D.C. that generally prohibited the possession of operable handguns, including in the home. Reviewing the text and history of the Second Amendment, *id.* at 579–95, 601–03, 607–26, the Supreme Court in *Heller* characterized the right to bear arms as an individual right that existed beyond militia service, *id.* at 581, 584, 605, 607, 619–21. The Court cited historical firearms regulations and traditions to explain that this right encompassed keeping firearms in the home for self-defense purposes. *Id.* at 602–03, 606, 608–09, 611–16, 619, 628–29. The D.C. statutes prohibited the use of handguns for the "lawful purpose" of self-defense in the home, and the Court held that the statutes therefore "fail[ed] constitutional muster." *Id.* at 628–29. The Court also emphasized that the right was "not unlimited," *id.* at 595, and that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill . . . ." *Id.* at 626–27.[1]

In *Bruen*, 597 U.S. at 31, the Supreme Court "made the constitutional standard endorsed in *Heller* more explicit," and applied it to a New York statute

---

[1] The Court subsequently held that the Second Amendment applies to states and that a similar state statute was unconstitutional. *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010).

that prohibited most firearm possession outside of the home. The Court explained that after *Heller*, the courts of appeals generally adopted a two-part test to analyze firearm regulations, addressing first the history of the Second Amendment and then the governmental justification for the regulation, but *Heller* only supported the first step. *Id.* at 17–18, 24. The Court applied the same test that it "set forth in *Heller*" to the New York statute at issue. *Id.* at 26; *see also id.* at 27 ("Following the course charted by *Heller* . . . ."). Given the lack of historical support for creating a "home/public distinction with respect to the right to keep and bear arms," the Court reasoned that the state statute infringed on the rights of "law-abiding citizens with ordinary self-defense needs" to carry arms in public for that purpose. *See id.* at 31–32, 60. It declared the statute unconstitutional. *Id.* at 71.

Our court, sitting en banc, held that *Bruen* had not done anything to undermine our post-*Heller* holding that laws barring felons from possessing firearms are constitutional. *United States v. Duarte*, 137 F.4th 743, 750–52 (9th Cir. 2025) (en banc) (affirming that *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010), "remains consistent with the Supreme Court's articulation of Second Amendment rights"). We need not decide whether any other prohibited-possession laws could fall outside the analysis in *Duarte*, because even if *Bruen* departed from *Heller* in some way that could make *Bruen* a "new" rule for SOS purposes, that new rule would be "inapposite to [Savage's] convictions," which precludes a

showing of reliance under 28 U.S.C. § 2255(h)(2) as would be required for SOS certification. *See Young*, 22 F.4th at 1124. Savage was convicted of possessing firearms while under the influence of illegal drugs, escaping jail, stealing vehicles, and using a firearm to threaten violence; he cannot reasonably argue that his SOS petition is based on his rights as a *law-abiding* citizen to bear arms. *See id.* at 1124 n.6 (For a case to "contain" a new rule of constitutional law for a § 2255(h)(2) petition, "the claim must be based upon or rely on the new rule cited by the movant." (quotation marks omitted)).[2]

Critically, Savage's SOS petition rests on his conviction under 18 U.S.C. § 922(g)(3), a statute that *Bruen* did not address. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "expressly limits" our court's ability "to apply and extend Supreme Court holdings to different contexts." *United States v. Blackstone*, 903 F.3d 1020, 1026 (9th Cir. 2018). Indeed, the "Supreme Court has repeatedly admonished our court not to advance on its own in determining what rights have been recognized by the Supreme Court under AEDPA." *Id.* (collecting cases). That principle requires us to deny certification here.

**DENIED.**

---

[2] *United States v. Rahimi*, 602 U.S. 680, 685, 693 (2024), addressed 18 U.S.C. § 922(g)(8)'s prohibition on firearms possession by an individual subject to a domestic violence restraining order and so is inapposite for similar reasons.